UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


TONIA SCOTT,

        Plaintiff,

v.                                                            Case No. 10-12736

MICHIGAN DEPARTMENT OF                        HONORABLE AVERN COHN
CORRECTIONS, STAN ARRINGTON,
CLARICE STOVALL, and JOHN
McCOSKEY,

        Defendants.

_____/


**MEMORANDUM AND ORDER
DENYING PLAINTIFF'S OBJECTIONS (Doc. 33)
AND
ADOPTING REPORT AND RECOMMENDATION (Doc. 32)
AND
GRANTING ARRINGTON'S MOTION FOR SUMMARY JUDGMENT (Doc. 15)**

I.  Introduction

This is an employment discrimination case under Michigan's Elliot Larsen Civil

Rights Act (ELCRA), M.C.L. § 37.2101, et seq.[1]  Plaintiff Tonia Scott,[2] an African-

American, is suing the Michigan Department of Corrections (MDOC), Stan Arrington,

Clarice Stovall, and John McCoskey following her termination from her position as a

corrections officer with the MDOC.  As will be explained, plaintiff was terminated after

_____

[1]Plaintiff also brought a claim under Title VII.  The Court, upon stipulation of the
parties, dismissed the claim without prejudice and retained supplemental jurisdiction
over the ELCRA claim.  (Doc. 9).

[2]Plaintiff was initially represented by counsel.  Counsel later moved to withdraw;
the Court granted the motion.  (Doc. 21).  Plaintiff subsequently advised that she would
be representing herself.  (Doc. 24).

she failed a required physical fitness test.  Plaintiff, however, alleges that the

termination was racially motivated.

The matter has been referred to a magistrate judge for all pretrial proceedings.

Arrington filed a motion for summary judgment.  (Doc. 15).[3]  On February 23, 2012, the

magistrate judge issued a report and recommendation (MJRR) recommending that the

motion be granted.  (Doc. 32).  Before the Court are plaintiff's objections to the MJRR.

(Doc. 33).  For the reasons that follow, the objections will be denied, the MJRR will be

adopted, and Arrington's motion for summary judgment will be granted.

## II.   Background

The MJRR accurately describes the undisputed facts in the record relative to

Arrington, which are set forth below.

> The Plaintiff was employed as a corrections officer at the Scott
> Correctional Facility. She began her employment in 2005. At the end of
> their first year, corrections officers are required to pass a physical fitness
> test, involving push-ups, sit-ups, and a step test. On September 25, 2006,
> Plaintiff took the test, passing the push-up and sit-up portions, but failing
> the step test. She was required to do "78 trips in 3 minutes," but
> completed only 70. Defendant's Brief [Doc. #15], Exhibit A. In his affidavit,
> Defendant's Exhibit C, ¶ 5, Mr. Arrington states that under MDOC
> Operating Procedure 02.06.111B, §E, "a failure on any portion of the
> physical fitness test constitutes a failure of the entire test." At ¶ 6, he
> states that policy permitted Plaintiff to take the test a second time, but that
> a failure on the second test would be grounds for dismissal.
>       A few days later, on September 28, 2006, the MDOC suspended
> the Plaintiff for the unrelated violation of permitting a prisoner to be
> escorted through the front gate. Defendant's Exhibit D. The Warden
> issued a stop entry order prohibiting Plaintiff from the prison grounds, and
> this order was not lifted until March 23, 2007. Defendant's
> Exhibit E and F.
>       The Plaintiff took her second physical fitness test on April 25, 2007,

_____

[3]The MDOC, Stovall, and McCosky filed a separate motion for summary
judgment.  (Doc. 30).  That motion is pending before the magistrate judge.

after she returned from her suspension. The test was administered by Defendant Arrington, with another MDOC employee and a union representative present. Plaintiff again failed the step test portion, this time completing only 65 steps in three minutes. Defendant's Exhibit G. The Plaintiff's employment was terminated that day. The Employee Departure report was signed by Defendant John McCoskey of the Human Resources Department. Defendant's Exhibit H.

At ¶ 9 of his affidavit, Defendant Arrington states, "I did not have the authority to terminate Ms. Scott. my role was simply to administer her physical fitness test and to report the results to my superiors. Other than administering the physical fitness test and reporting the results to my superiors, I played no role in the decision to terminate Ms. Scott."

Both in her complaint and at her deposition, the Plaintiff stated that after the second fitness test, she "was just fired on the spot." Plaintiff's Deposition, Defendant's Exhibit I, 51-52. She testified that her termination was based on her race (she is African-American), and that her "white counterparts were given the opportunity to retake the physical fitness test" a third time. Id. 53. Asked what made her believe that Defendant Arrington, who is himself African-American, was motivated by racial considerations, she        testified as follows:

> Q: What led you to believe that the actions were motivated by race?
> A: Mr. Arrington has–he refers to himself a lot in third person. He doesn't –I mean, he doesn't like African Americans himself. And to me he was just a henchman for MDOC, you know, people beneath him, African Americans. He didn't allow MDOC, the authorities, ms. Kathy Warner or Joan Bush, to make that determination from central office to terminate me, he did it on the spot because he's prejudiced, he doesn't like his own kind. He doesn't like African Americans.
> Q: And what is the race of Mr. Arrington?
> A: He's African American.
> * * *
> Q: And you said that Mr. Arrington doesn't like African Americans. What makes you believe that?
> A: Just the statements he made referring to himself in third person. All of his friends are white.  Id. 84-85.

In her response [Doc. #27], at p. 3, the Plaintiff states that after she failed the second test, Defendant Arrington gave her the Employee Departure Report that she has submitted as Plaintiff's Exhibit C. That report is signed by Mr. McCoskey. She has also submitted two other Departure Reports, attached as Plaintiff's Exhibits D and E, both of which are signed by Mr. McCoskey. No Departure Reports are signed by Mr. Arrington.

The Plaintiff has submitted as Exhibit F a memo dated April 25, 2007, from Mr. Arrington to Warden Clarice Stovall, describing the

3

circumstances of the fitness tests.  According to the memo, the Plaintiff appeared to be completely out of breath after her first step test in September of 2006, and had to sit down. Arrington told her that she could take the test again, and encouraged her to start working out. He told her that the steps in the training room were available to her. When Plaintiff took the second step test on April 25, 2007, she had to stop and rest at least twice, resting her head and arms on the wall. Arrington stated that "Captain Edwards, Officer Walton (the union representative), and I tried to encourage her to continue, but she appeared to be completely out of breath." After three minutes, Plaintiff completed only 68 out of the required 78 trips. Arrington states that "John McCoskey, the Personnel Manager, and Craig Czinder of the Officer of Training were all notified."

The Plaintiff has also submitted, as Exhibit H, a memo from Assistant Human Resources Director Phyllis White, dated May 14, 2007. Ms. White witnessed Plaintiff fail the step portion of her first fitness test on September 25, 2006, stating,"I remember Officer Scott not completing the allocated number of steps within 3 minutes, she was physically exhausted, sweating and panting, she kept saying that she could not do it; we were encouraging her, telling her that this would be the last time she would have to do it if she passed she kept asking her (sic, how) much time did she have, how many steps had she completed. She just stopped and sat down saying she couldn't do it. Mr. Arrington told her that she had one more attempt and she had time to get herself together and with that she could pass." (Emphasis in original).

MJRR, Doc. 32 at p. 2-4.

### III.  Review of MJRR

A district court must conduct a de novo review of the parts of a magistrate judge's report and recommendation to which a party objects. 28 U.S.C. § 636(b)(1). The district "court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate" judge.  Id.  The requirement of de novo review "is a statutory recognition that Article III of the United States Constitution mandates that the judicial power of the United States be vested in judges with life tenure."  United States v. Sami, 754 F.2d 670, 672 (6th Cir. 1985).

A general objection, or one that merely restates the arguments previously

presented, is not sufficient to alert the court to alleged errors on the part of the magistrate judge.  An "objection" that does nothing more than state a disagreement with a magistrate judge's suggested resolution, or simply summarizes what has been presented before, is not an objection as that term is used in this context.  <u>Howard v. Sec'y of Health and Human Servs.</u>, 932 F.2d 505, 508 (6th Cir. 991) ("It is arguable in this case that Howard's counsel did not file objections at all.... [I]t is hard to see how a district court reading [the 'objections'] would know what Howard thought the magistrate had done wrong.").

## IV.  Analysis

The Court has reviewed plaintiff's objections.  The objections essentially repeat the issues considered and rejected by the magistrate judge.  Plaintiff offers no additional evidence or argument.  As such, the Court relies on, and incorporates, the analysis in the MJRR.

As the magistrate judge carefully explained, plaintiff has not created a genuine issue of material fact to make out a claim of race discrimination against Arrington.  Even assuming plaintiff was qualified for the position despite failing the step portion of the physical fitness test, she has not shown that Arrington treated any similarly situated non-protected employee differently.  While plaintiff identified Stephanie Moses, a Caucasian, Arrington states in his affidavit that he does not know Moses and did not administer her physical fitness test.  She has also failed to produce any evidence to raise an inference that Arrington discrimination against her because of her race.  Moreover, plaintiff has not shown that the non-discriminatory reason given for her termination–failing the physical fitness test–was a pretext for race discrimination.  At

2:10-cv-12736-AC-RSW   Doc # 34   Filed 03/16/12   Pg 6 of 6   Pg ID 285

most, plaintiff offers mere speculation that race was a factor; this is insufficient.

Reasonable minds could not differ on whether Arrington discriminated against plaintiff

because of her race.  Summary judgment is appropriate.

### V.  Conclusion

For the reasons stated above, plaintiff's objections are DENIED.  The MJRR is

ADOPTED as the findings and conclusions of the Court, as supplemented above.

Arrington's motion for summary judgment is GRANTED.

SO ORDERED.


       S/Avern Cohn
       AVERN COHN
       UNITED STATES DISTRICT JUDGE


Dated:  March 16, 2012


I hereby certify that a copy of the foregoing document was mailed to Tonia Scott,
460 California, Pontiac, MI 48341 and  the attorneys of record on this date, March 16,
2012, by electronic and/or ordinary mail.


       S/Julie Owens
       Case Manager, (313) 234-5160