UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TONIA SCOTT,

    Plaintiff,

v.    Case No. 10-12736

MICHIGAN DEPARTMENT OF    HON. AVERN COHN
CORRECTIONS, CLARICE STOVALL,
and JOHN McCOSKEY,

    Defendants.

_____/

**MEMORANDUM AND ORDER
DENYING PLAINTIFF'S OBJECTIONS (Doc. 42)
AND
ADOPTING REPORT AND RECOMMENDATION (Doc. 41)
AND
GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (Doc. 30)
AND
DISMISSING CASE**

I.  Introduction

This is an employment discrimination case under Michigan's Elliot Larsen Civil Rights Act (ELCRA), M.C.L. § 37.2101, et seq.[1] Plaintiff Tonia Scott,[2] an African-American, is suing the Michigan Department of Corrections (MDOC), Clarice Stovall,

---

[1] Plaintiff also brought a claim under Title VII. The Court, upon stipulation of the parties, dismissed the claim without prejudice and retained supplemental jurisdiction over the ELCRA claim. (Doc. 9).

[2] Plaintiff was initially represented by counsel. Counsel later moved to withdraw; the Court granted the motion. (Doc. 21). Plaintiff subsequently advised that she would be representing herself. (Doc. 24). Plaintiff did so for a while, and then retained new counsel who responded to defendants' motion for summary judgment and filed objections to the magistrate judge's report and recommendation on her behalf.

and John McCoskey following her termination from her position as a probationary corrections officer with the MDOC.[3] As will be explained, plaintiff was terminated after she failed a required physical fitness test. Plaintiff alleges that the termination was racially motivated. The matter has been referred to a magistrate judge for all pretrial proceedings.

On February 15, 2012, defendants filed a motion for summary judgment. (Doc. 30). Plaintiff filed a response to the motion on August 9, 2012. (Doc. 40). On August 15, 2012, the magistrate judge issued a report and recommendation (MJRR), recommending that the motion be granted. (Doc. 41). Before the Court are plaintiff's objections to the MJRR. (Doc. 42). For the reasons that follow, the objections will be denied, the MJRR will be adopted, defendants' motion for summary judgment will be granted, and the case will be dismissed.

## II. Background

The magistrate judge accurately set forth the undisputed facts in the record, stated here below.

> The Plaintiff was employed as a corrections officer at the Scott Correctional Facility. She began her employment in 2005. At the end of their first year, corrections officers are required to pass a physical fitness test, involving push-ups, sit-ups, and a step test. On September 25, 2006, Plaintiff took the test, passing the push-up and sit-up portions, but failing the step test. She was required to do "78 trips in 3 minutes," but completed only 70. In his affidavit, Arrington states that under MDOC Operating Procedure 02.06.111B, §E, "a failure on any portion of the physical fitness test constitutes a failure of the entire test." At ¶ 6, he states that policy permitted Plaintiff to take the test a second

---

[3]Plaintiff also sued Stan Arrington, who filed a separate motion for summary judgment. (Doc. 15). The magistrate judge recommended the motion be granted. (Doc. 32). The Court, over plaintiff's pro se objections (Doc. 33), adopted the recommendation and granted Arrington's motion. (Doc. 34).

> time, but that a failure on the second test would be grounds for dismissal.
> A few days later, on September 28, 2006, the MDOC suspended the Plaintiff for the unrelated violation of permitting a prisoner to be escorted through the front gate.  The Warden issued a stop entry order prohibiting Plaintiff from the prison grounds, and this order was not lifted until March 23, 2007.
> The Plaintiff took her second physical fitness test on April 25, 2007, after she returned from her suspension. The test was administered by Defendant Arrington, with another MDOC employee and a union representative present. Plaintiff again failed the step test portion, this time completing only 65 steps in three minutes.  The Plaintiff's employment was terminated that day.  The Employee Departure report was signed by Defendant John McCoskey of the Human Resources Department.
> At ¶ 9 of his affidavit, Defendant Arrington states, "I did not have the authority to terminate Ms. Scott. my role was simply to administer her physical fitness test and to report the results to my superiors. Other than administering the physical fitness test and reporting the results to my superiors, I played no role in the decision to terminate Ms. Scott."
> Both in her complaint and at her deposition, the Plaintiff stated that after the second fitness test, she "was just fired on the spot."  She testified that her termination was based on her race (she is African-American), and that her "white counterparts were given the opportunity to retake the physical fitness test" a third time.

See MJRR at p. 2 (incorporating factual recitation from the MJRR regarding Arrington's motion).

### III.  Review of MJRR

A district court must conduct a de novo review of the parts of a magistrate judge's report and recommendation to which a party objects. 28 U.S.C. § 636(b)(1). The district "court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate" judge.  Id.  The requirement of de novo review "is a statutory recognition that Article III of the United States Constitution mandates that the judicial power of the United States be vested in judges with life tenure."  United States v. Sami, 754 F.2d 670, 672 (6th Cir. 1985).

A general objection, or one that merely restates the arguments previously

3

presented, is not sufficient to alert the court to alleged errors on the part of the magistrate judge. An "objection" that does nothing more than state a disagreement with a magistrate judge's suggested resolution, or simply summarizes what has been presented before, is not an objection as that term is used in this context. Howard v. Sec'y of Health and Human Servs., 932 F.2d 505, 508 (6th Cir. 991) ("It is arguable in this case that Howard's counsel did not file objections at all.... [I]t is hard to see how a district court reading [the 'objections'] would know what Howard thought the magistrate had done wrong.").

IV. Analysis

The Court has reviewed plaintiff's objections. The objections essentially repeat the issues considered and rejected by the magistrate judge. Plaintiff offers no additional evidence or argument. As such, the Court relies on, and incorporates, the analysis in the MJRR.

As the magistrate judge carefully explained, plaintiff has not created a genuine issue of material fact to make out a claim of race discrimination against defendants. The record, properly read, does not show a genuine issue of material fact that plaintiff passed either step test (thereby demonstrating plaintiff was qualified for the position). Moreover, even assuming plaintiff was qualified for the position, plaintiff has not shown that a similarly situated non-protected employee differently. While plaintiff identified Stephanie Moses, a Caucasian, who was allowed to take the step test a third time, Moses is not similarly situated. Rather, Moses was able to take the test a third time because she provided objective and verifiable proof of an ankle injury which impacted her ability to pass the test the second time. Per MDOC policy, Moses was permitted to

retake the test. Finally, plaintiff has not produced sufficient evidence to establish an issue of pretext. At most, plaintiff offers mere speculation that race was a factor in her termination. This is insufficient. Reasonable minds could not differ on whether defendants discriminated against plaintiff because of her race. Summary judgment in defendants' favor is appropriate.

V. Conclusion

For the reasons stated above, plaintiff's objections are DENIED. The MJRR is ADOPTED as the findings and conclusions of the Court, as supplemented above. Defendants' motion for summary judgment is GRANTED. This case is DISMISSED.

SO ORDERED.

      S/Avern Cohn
      AVERN COHN
      UNITED STATES DISTRICT JUDGE

Dated: September 19, 2012

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, September 19, 2012, by electronic and/or ordinary mail.

      S/Julie Owens
      Case Manager, (313) 234-5160